

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | | |
|---|---|---|
| ANN D. GOSNELL, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 6:05-1315-HFF |
| | § | |
| UNITED STATES POSTAL SERVICE, | § | |
| | § | |
| Defendant. | § | |

## MEMORANDUM OPINION AND ORDER

**I.    INTRODUCTION**

This is an Federal Tort Claims Act (FTCA) case involving a slip and fall. Pending before the Court is Defendants's motion for summary judgment. Having carefully considered the motion, the response, the reply, the record, and the applicable law, the Court will grant Defendant's motion.

**II.   FACTUAL AND PROCEDURAL HISTORY**[*]

The slip and fall which is the subject of this lawsuit occurred on November 16, 2002, at the Tigerville Post Office. When Ms. Gosnell entered the Post Office, it had been "raining pretty hard," but the rain had turned into a drizzle. Ms. Gosnell testified that the ground was wet. Upon entering

---

[*]As required, when analyzing a motion for summary judgment, the Court views the facts–and recites them here–in a light most favorable to the non-moving party (Plaintiff). Therefore, the Court has generally adopted the relevant facts as set forth in Plaintiff's memorandum of law in opposition to Defendant's motion for summary judgment, with citations omitted.

the post office, Ms. Gosnell stepped on a mat approximately three feet wide and two and a half feet long. Ms. Gosnell wiped her feet on the mat. After wiping her feet, Ms. Gosnell stepped off the mat onto the floor and her feet slid out from beneath her. The mat did not have any carpet or cloth on top of it. According to Ms. Gosnell, the mat was rubber. There were no wet floor signs or cones in the area where she fell. Ms. Bernice Posley, the Postmaster at the Tigerville Post Office, testified there were no cones or signs because the one sign available had been stolen approximately one week before Ms. Gosnell fell.

Shortly after Ms. Gosnell fell, another customer, Samantha Bell, came around the corner and saw Ms. Gosnell lying on the floor. Although Ms. Bell testified that she did not see any water on the floor, she admitted that Ms. Gosnell's body could have been obscuring her view. In addition, both Ms. Bell and Ms. Posley acknowledged it is common for water to be tracked onto the floor from the shoes of customers. It is undisputed that there was no evidence of any employee periodically mopping the post office floor.

Shortly after Ms. Gosnell fell, another customer in the post office came outside to Ms. Gosnell's vehicle where her husband was waiting and informed him that Ms. Gosnell had fallen. Mr. Gosnell went immediately into the post office and found his wife lying on the floor. He testified that the floor in the area where Ms. Gosnell fell was wet with water. Mr. Gosnell further averred that there were no wet floor or caution signs visible from where his wife fell and that the mat located near where she fell was a rubber mat with no carpet or cloth surface at the entrance door.

**III.  STANDARD OF REVIEW**

Rule 56(c) of the Federal Rules of Civil Procedure provides that summary judgment "shall be rendered forthwith if the pleadings, depositions, answers to interrogatories and admissions on file,

together with affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." The moving party bears this initial burden of informing the Court of the basis for its motions, and identifying those portions of the record "which it believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). The Court reviews the record by drawing all inferences most favorable to the party opposing the motion. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986) (citing *United States v. Diebold, Inc.*, 369 U.S. 654 (1962)).

"Once the moving party carries its burden, the adverse party may not rest upon the mere allegations or denials of the adverse party's pleadings, but the adverse party's response . . . must set forth specific facts showing that there is a genuine issue for trial." Fed. R. Civ. P. 56(e). The adverse party must show more than "some metaphysical doubt as to the material facts." *Matsushita*, 475 U.S. at 586. If an adverse party completely fails to make an offer of proof concerning an essential element of that party's case on which that party will bear the burden of proof, then all other facts are necessarily rendered immaterial and the moving party is entitled to summary judgment. *Celotex*, 477 U.S. at 322-23. Hence, the granting of summary judgment involves a three-tier analysis. First, the Court determines whether a genuine issue actually exists so as to necessitate a trial. Fed. R. Civ. P. 56(e). An issue is genuine "if the evidence is such that a reasonable [trier of fact] could return a verdict for the non-moving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242 (1986). Second, the Court must ascertain whether that genuine issue pertains to material facts. Fed. R. Civ. P. 56(e). The substantial law of the case identifies the material facts, that is, those facts that potentially affect the outcome of the suit. *Anderson*, 477 U.S. at 248. Third, assuming no

3

genuine issue exists as to the material facts, the Court will decide whether the moving party shall prevail solely as a matter of law. Fed. R. Civ. P. 56(e).

Summary judgment is "properly regarded not as a disfavored procedural shortcut, but rather as an integral part of the Federal Rules as a whole, which are designed to secure the just, speedy and inexpensive determination of every action." *Celotex*, 477 U.S. at 327. The primary issue is whether the material facts present a sufficient disagreement as to require a trial, or whether the facts are sufficiently one-sided that one party should prevail as a matter of law. *Anderson*, 477 U.S. at 251-52. The substantive law of the case identifies which facts are material. *Id*. at 248. Only disputed facts potentially affecting the outcome of the suit under the substantive law preclude the entry of summary judgment.

**IV.     DISCUSSION**

Defendant argues that summary judgment is appropriate in the instant case for three independent reasons: (1) Plaintiff has produced no direct evidence that the floor was in an unreasonable hazardous condition because of accumulated rainwater; (2) Plaintiff has failed to produce evidence that Defendant had actual or constructive notice of an unreasonably hazardous condition; and (3) any accumulated rainwater would be a common and obvious danger and, thus, Plaintiff is unable to recover under the FTCA.

Under the FTCA, "[t]he United States shall be liable . . . in the same manner and to the same extent as a private individual under like circumstances." 28 U.S.C. § 2674. *See also* 28 U.S.C. § 1346(b)(1) ("[T]he district courts . . . shall have exclusive jurisdiction of civil actions on claims against the United States . . . under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission

occurred."). Thus, Defendant is liable in this case if a private person operating a business would be liable for the accident under South Carolina law.

"It has long been the law in South Carolina that a merchant is not an insurer of the safety of his customer[s] but owes them only the duty of exercising ordinary care to keep the premises in reasonably safe condition." *Milligan v. Winn-Dixie Raleigh, Inc.*, 273 S.C. 118, 120, 254 S.E.2d 798, 799 (1979). For a storekeeper to be liable for a dangerous or defective condition, "the plaintiff must show either (1) that the injury was caused by a specific act of the defendant . . . or (2) that the defendant had actual or constructive knowledge of the dangerous condition and failed to remedy it." *Wintersteen v. Food Lion, Inc.*, 344 S.C. 32, 35, 542 S.E.2d 728, 730 (2001).

There is no allegation by Plaintiff that her injuries were caused by a specific act of Defendant. Instead, Plaintiff asserts that Defendant was negligent in failing to exercise reasonable care to keep its premises in a reasonably safe condition. Thus, Plaintiff must prove that Defendant had actual or constructive knowledge of the dangerous condition and failed to remedy it.

A plaintiff seeking to recover for injuries sustained in a fall caused by a foreign substance on a storekeeper's floor must prove that the storekeeper had actual or constructive notice that the foreign substance was on the floor. *Calvert v. House Beautiful Paint & Decorating Center*, 313 S.C. 494, 496, 443 S.E.2d 398, 399 (1994). Here, the parties agree that there is no evidence of actual notice of the rainwater on the floor. Thus, Plaintiff contends that Defendant had constructive notice of the rainwater. "Constructive notice may be proved by showing that the material had been on the floor sufficiently long that the defendant was negligent in failing to discover and remove it." *Milligan*, 273 S.C. at 120, 254 S.E.2d at 799. In the instant case, assuming there was rainwater on the floor of the Post Office, Plaintiff has failed to show how long the water was there.

Plaintiff posits that during rainy weather conditions, an ordinary reasonable person would know that there would inevitably be moisture on the floor as a result of rain-soaked customers coming into the post office. Plaintiff cites *Young v. Meeting Street Piggly Wiggly*, 288 S.C. 508, 343 S.E.2d 636 (S.C. Ct. App. 1986) for the proposition that a general awareness is sufficient to prove constructive notice. The Court disagrees.

In *Young*, the court stated,

> Everybody knows that, when people are entering any building when it is raining, they will carry some moisture on their feet, which will render the floor near the door on the inside damp to some extent, and every one knows that a damp floor is more likely to be a little more slippery than a dry floor. . . . It is not the duty of persons in control of such buildings to keep a large force of moppers to mop up the rain as fast as it falls or blows in, or is carried in by wet feet or clothing or umbrellas, for several good reasons, all so obvious that it is wholly unnecessary to mention them here in detail. . . . Not every accident that occurs gives rise to a cause of action upon which the party injured may recover damages from some one. Thousands of accidents occur every day for which no one is liable in damages, and often no one is to blame, not even the ones who are injured . . . .

*Id.* at 510, 343 S.E.2d at 638 (quoting *S.S. Kresge Co. v. Fader*, 116 Ohio St. 718, 158 N.E. 174 (1927) (omissions in original). Thus, *Young* does, in fact, establish that an ordinary reasonable person would know that there would be moisture on the floor of a store on a rainy day. However, the Court quoted *S.S. Kresge Co.* to suggest that both customers and storeowners would know that there is moisture on the floor and that a customer slipping on a wet floor does not necessarily indicate that the storeowner was negligent. Moreover, the Court in *Young* held that the trial court committed reversible error in allowing the plaintiff to go to the jury on the question of negligence "merely by showing that there was some water on the floor of [the] store." *Id.* at 512, 343 S.E.2d at 638-39. This Court declines to adopt a general awareness standard for proving constructive notice.

Plaintiff also argues that because Bernice Posley, the Postmaster, acknowledged her awareness of the situation where tracked-in water can accumulate on the floor on a rainy day, Defendant had constructive notice of the rainwater. However, Posley's statement does not prove constructive notice that there was rainwater on the floor the day Plaintiff fell. Plaintiff has failed to demonstrate that Defendant had constructive notice of rainwater on the floor in this case.

Plaintiff also contends that Defendant negligently failed to warn her of the wet floor and that Defendant failed to exercise reasonable care in maintaining its floor. Such claims, however, can be sustained only if Defendant had actual or constructive knowledge of the rainwater. Because Plaintiff has failed to prove that Defendant had actual or constructive knowledge of the rainwater, the negligent failure to warn assertion must also fail.

## V.    CONCLUSION

Based on the foregoing, the Court concludes that Plaintiff has failed to prove that Defendant had actual or constructive notice of the rainwater on the floor. Therefore, the Court **GRANTS** Defendant's motion for summary judgment.

**IT IS SO ORDERED.**

Signed this 30th day of March, 2007, in Spartanburg, South Carolina.

s/ Henry F. Floyd
HENRY F. FLOYD
UNITED STATES DISTRICT JUDGE